IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50033
_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MIGUEL OMAR VILLALOZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-95-CR-137-1)
_____

October 2, 1996

Before KING and HIGGINBOTHAM, Circuit Judges, and LAKE[*],
District Judge.

PER CURIAM:[**]

Defendant-appellant Miguel Omar Villaloz appeals the denial

of his motion to suppress a firearm and subsequent statements to

police officers.  Villaloz argues that the police officer who

detained and frisked him did so without reasonable suspicion.

_____

[*]District Judge of the Southern District of Texas, sitting
by designation.

[**]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Following an evidentiary hearing, the district court denied the motion.  We affirm.

The district court concluded that the initial stop of Villaloz was an investigative detention within the meaning of Terry v. Ohio, 392 U.S. 1 (1968).  The district court found that the facts known to the police officer gave rise to a reasonable suspicion justifying the stop:

> The hunched walk and the unusual placement of the hands coupled with the officer's knowledge that a shooting had just occurred two blocks away added to the facts that the Defendant was headed away from that location to the nearest busy intersection, at a quicker pace after the officer passed, give rise to reasonable suspicion which would warrant a check of the Defendant.

The district court further concluded that the officer's observations gave him reasonable suspicion to believe that Villaloz might be armed and pose a danger to the officer.

In Terry, the Court held that an officer may detain an individual on the street for a brief investigation if the facts known to the officer give rise to a reasonable suspicion that criminal activity is afoot or that the person has been involved in criminal activity.  Terry, 392 U.S. at 20-23.  Reasonable suspicion exists when, based on the totality of the circumstances, "the detaining officers . . . have a particularized and objective basis for suspecting the particular person stopped of criminal activity."  United States v. Cortez,

2

449 U.S. 411, 417-18 (1981).  We think that the district court's fact findings, which are not clearly erroneous, support the conclusion that the required minimum level of objective justification for the officer's decision to stop Villaloz and to pat him down was reached.  We agree with that conclusion, and accordingly, we affirm the decision of the district court denying Villaloz's motion to suppress.

AFFIRMED.